IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SOUTHERN ELECTRICAL RETIREMENT FUND, | ) )  Case No. |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| URS FEDERAL TECHNICAL SERVICES, INC., | ) ) |
| Defendant. | ) ) |

## COMPLAINT

1) Southern Electrical Retirement Fund (Plaintiff) files this complaint to obtain equitable and other relief requiring URS Federal Technical Services, Inc. (Defendant) to comply with 29 U.S.C. § 1145 of the Employee Retirement Income Security Act (ERISA) and policies of Plaintiff.

2) This action is brought and maintained in accordance with the provisions ERISA, 29 U.S.C. § 1001 et seq., as amended by the Multiemployer Pension Plan Amendments Act of 1980, in particular 29 U.S.C. § 1145 (Section 515 of ERISA), and is a civil action to recover employer contributions owed to Plaintiff by Defendant. Jurisdiction is premised upon 29 U.S.C. § 1132(e)(1).

3) Venue is based on 29 U.S.C. § 1132(e)(2) as Plaintiff is an employee benefit plan as that term is defined in ERISA at 29 U.S.C. § 1002 (1) and (2), and in that Plaintiff is administered in this judicial district through Southern Benefit Administrators, Incorporated of Goodlettsville, Tennessee.

4) Plaintiff is primarily funded by contributions remitted by multiple participating employers pursuant to collective bargaining agreements. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing health and retirement benefits to participants and beneficiaries of the Plaintiff after paying administrative and other reasonable expenses.

5) Defendant is an employer and a party in interest as those terms are defined in ERISA at 29 U.S.C. §§ 1002(5) and 1002(14)(c).

6) During all pertinent times, Defendant was party to a collective bargaining agreement. Pursuant to this agreement, Defendant is obligated to pay certain contributions to Plaintiff on behalf of covered employees. Defendant was bound by the provisions of the trust agreement which created the Plaintiff, and Defendant was thereby obligated to pay contributions according to policies and procedures promulgated by Plaintiff, such as an employer self-reporting payment system whereby participating employers such as Defendant identify those employees for whom contributions are owed, identify the weeks worked by the covered employees, and based upon employee work history reported, the employers make contributions and payments to the Plaintiff. The policies and procedures also include provisions for an audit of Defendant's books and records to determine the accuracy of its self reporting, and if an audit discloses a discrepancy, Defendant will be obligated to pay for the cost of the audit.

7) Despite demand by Plaintiff that Defendant perform its obligation with respect to making books and records available for an audit by Plaintiff, Defendant has neglected and refused to make its records available for inspection by the Plaintiff's auditor.

8) Section 306(a) of the Multiemployer Pension Plan Amendments Act of 1980, adding Section 515 of ERISA, 29 U.S.C. § 1145, provides that every employer who is obligated to

{001125/16199/00389199.DOCX / Ver.1}                                   2

Case 3:16-cv-00949   Document 1   Filed 05/24/16   Page 2 of 4 PageID #: 2

make contributions to a multiemployer plan under the terms of the plan or under the terms of the collective bargaining agreement shall, to the extent not inconsistent with law, make contributions in accordance with the terms and conditions of such plan or such agreement.

9) Defendant has breached the above-referenced provisions of ERISA, the collective bargaining agreement, the trust agreements whereby Plaintiff was created and operates, and the policies of Plaintiff, such breach occurring by virtue of Defendant's failure to permit an audit of its payroll records.

10) Copies of this Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail in accordance with the provisions of 29 U.S.C. § 1132(h).

WHEREFORE, Plaintiff requests the following relief:

(a) A preliminary injunction requiring Defendant to make its books and records available for an audit by the Plaintiff's auditor;

(b) A judgment against Defendant and in favor of Plaintiff for all contributions that are owed as of the date of the judgment plus the greater of double interest or single interest plus liquidated damages and all attorney fees and costs incurred in connection with this action;

(c)     Such further or different relief as the Court may deem proper or just.

>Respectfully submitted,
>
>s/R. Jan Jennings
>R. Jan Jennings, BPR No. 1536
>Branstetter, Stranch & Jennings, PLLC
>223 Rosa L. Parks Avenue, Ste. 200
>Nashville, TN   37203
>Tel.:   (615) 254-8801
>Email:   janj@bsjfirm.com